## Franco v. I.N.A. Pacific Employees Insurance

*Bernard M. Gross,* for petitioner.
*Joseph T. Bodell, Jr.,* for respondent.

GELFAND, *J.,* February 20, 1981—And now, upon consideration of the within petition for reconsideration of this court's order entered January 23, 1980, memorandum of law and argument in connection therewith, it is hereby ordered and decreed that said petition is denied.

On January 23, 1980 this court entered an order granting respondent's motion for judgment on the pleadings. Petitioner failed to file an answer to the motion for judgment, and in the absence of same the court treated the petition as uncontested.

Petitioner thereafter, on February 19, 1980, filed the instant petition for reconsideration of the aforementioned order; and on the same day, in order to preserve her appeal rights, she also filed an appeal with the Superior Court.

The record indicates that the petition for reconsideration was filed within 30 days of our order, but that the rule attached thereto was not signed until 33 days after the date of the order, and the argument thereon did not take place until a substantial time thereafter, May 6, 1980.

Although there may be some validity to petitioner's request for reconsideration since the matter appears to have been diligently contested until the motion for judgment on the pleadings was

filed,[1] this court is constrained to conclude that it lacks jurisdiction to proceed with consideration of the petition for reconsideration. Hence, we are compelled to deny same.

With respect to reconsideration, once an appeal has been taken, this court's authority to act is regulated by Pa.R.A.P. 1701(b)(3) which states that this court can only grant reconsideration if an application was filed within the time prescribed for filing an appeal *and* an order granting reconsideration is "filed" in the lower court within said period.[2] The period prescribed for filing an appeal is 30 days.[3]

As indicated hereinbefore, the petition for reconsideration was filed within 30 days of our order of January 23, 1980 and hence was timely, but the matter was argued more than three months after our order, and thus the second criteria required was not met since no order was filed within 30 days.[4]

This court therefore lacks jurisdiction to consider the instant petition and grant reconsideration; and

---

1. The record shows that after the complaint, there was an answer containing new matter to which a reply was filed.

2. Pa.R.A.P. 1701(b)(3)(ii) provides that this court may "grant reconsideration of the order . . . *if* . . . an order expressly granting reconsideration of such prior order is filed in the lower court . . . within the time prescribed by these rules for the filing of a notice of appeal. . . ." (Emphasis supplied.)

3. Pa.R.A.P. 903 provides that ". . . the notice of appeal . . . shall be filed within [thirty] (30) days after the entry of the order from which the appeal is taken."

4. An explanatory note which follows Pa.R.A.P. 1701 further clarifies the effect of the failure of a court to expressly grant reconsideration within the appeal period; and, it sets forth in pertinent part that, "[i]f the lower court . . . fails to enter an order 'expressly granting reconsideration' . . . within the time prescribed by these rules for seeking review . . . the power of the lower court . . . to act on the application for reconsideration . . . is lost."

any further determination thereof is for the Superior Court.

Accordingly, the petition to grant reconsideration is denied.